UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAS J. HOWLAND, | No. 2:19-cv-0608 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CATALLI, et al., | |
| Defendants. | |

Plaintiff, a pretrial detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

---

[1] As a pretrial detainee, plaintiff falls within the statutory definition of "prisoner" for purposes of screening. 28 U.S.C. § 1915A(c) ("[T]he term 'prisoner' [includes] any person . . . detained in any facility who is accused of . . . violations of criminal law.").

speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that plaintiff's rights under the Fourteenth Amendment were violated when defendants Catalli and Ferrara, as well as an unknown number of Doe defendants, failed to protect him from an assault by other inmates. (ECF No. 1 at 2-4.) Plaintiff alleges that on the evening of September 14, 2018, he was assaulted by three inmates in the maximum-security housing unit. (Id. at 3-4.) The assault went on for approximately nine minutes before defendant Catalli and the Doe defendants responded. (Id.) Plaintiff claims that because of the lack of staffing, there are no tower officers to maintain safety and that Catalli, who was responsible for the unit that day, failed to perform the required room checks and head counts to make sure that the inmates were where they were supposed to be before releasing the next tier of inmates for recreation. (Id.) He claims that this mistake was due to a lack of training by Ferrara. (Id.) Finally, plaintiff alleges that there is an office outside the unit that has several cameras that allow officers to monitor the unit and takes about a minute to walk to from the location where he was attacked. (Id.)

////

IV. Failure to Protect

Challenges brought by pretrial detainees relating to the conditions of their confinement are properly analyzed under the Fourteenth Amendment's Due Process Clause. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citation omitted).

"[P]retrial detainees . . . retain at least those constitutional rights that . . . are enjoyed by convicted prisoners." Bell v. Wolfish, 441 U.S. 520, 545 (1979). In examining the conditions of pretrial detention, the question "is whether those conditions amount to punishment of the detainee." Id. at 535. "Under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. "Absent a showing of an expressed intent to punish," a court must consider whether "a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective," and thus, without more, non-punitive. Id. at 538-39 (citations omitted). A court may infer punitive intent if the challenged condition is "arbitrary or purposeless." Id. at 539.

In order to state a claim for failure to protect, a pretrial detainee must establish the following elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro, 833 F.3d at 1071. To satisfy the third element, the defendant's conduct must be objectively unreasonable, and such a determination will be dependent upon the circumstances of the case. Id. (citations omitted). "[A] pretrial detainee who asserts a due process claim for failure to protect [is required] to prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

4

Plaintiff's claims that, as sheriff, defendant Ferrara failed to maintain safe staffing levels and failed to properly train his officers are sufficient to state claims for relief and will require a response. However, his claims against the officers themselves are insufficient. With respect to defendant Catalli, plaintiff asserts that his failure to conduct the proper counts was a mistake and due to his lack of training. This indicates that Catalli's failure to take proper safety measures was not an intentional decision, but rather negligence at most. With respect to the Doe defendants, because it is not clear whether plaintiff is claiming that they were all inside the office with the monitors and delayed in responding to the assault or whether he is claiming that they should have been in the room monitoring the unit but were not, it is not clear that he has stated a claim for relief. Furthermore, even if plaintiff is able to state a claim for relief against the Doe defendants, service will not be possible until they are identified.

V. <u>Leave to Amend</u>

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Catalli or the Doe defendants. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Ferrara on his failure to protect claim, or he may delay serving any defendant and amend the complaint to attempt to fix the deficiencies with his other claims.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendant Ferrara without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against defendant Catalli and the Doe defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named

5

defendant is involved. <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim against defendant Ferrara for failure to protect and he will be required to respond to the complaint. Your claims against defendant Catalli and the Doe defendants do not state claims for relief because you have not shown that they were more than negligent.

If you want, you can either (1) proceed immediately on your claims against defendant Ferrara and voluntarily dismiss the other claims or (2) try to amend the complaint to state claims against defendant Catalli and the Doe defendants. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendant

6

Catalli and the Doe defendants.  If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims or information not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's claims against defendant Catalli and the Doe defendants do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his failure to protect claim against defendant Ferrara as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against defendant Catalli and the Doe defendants.

Dated:  April 24, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:howl0608.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAS J. HOWLAND,<br><br>    Plaintiff,<br><br> v.<br><br>CATALLI, et al.,<br><br>    Defendants. | No. 2:19-cv-0608 CKD P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Fourteenth Amendment failure to protect claim against defendant Ferrara without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendant Catalli and the Doe defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                  Nickolas J. Howland
                  Plaintiff pro se